UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jesse Garcia,

      Plaintiff,

v.

Warden Marty C. Anderson,
Dr. T. Tran, Dr. S. Stanton,
Jane Doe, and John Doe,

      Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-4731 ADM/JJG

_____

Jesse Garcia, pro se.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, for and on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Jesse Garcia's ("Plaintiff") Objections[1] [Docket No. 52] to Magistrate Judge Jeanne J. Graham's August 13, 2009 Report and Recommendation [Docket No. 44] ("R&R"). The R&R recommends granting Defendants Marty Anderson, Dr. T. Tran, Dr. S. Stanton, Jane Doe, and John Doe's (collectively "Defendants") Motion to Dismiss and for Summary Judgment [ Docket No. 12]. For the reasons set forth below, the Objections are overruled and the R&R is adopted.

## II. BACKGROUND

Plaintiff, a federal prisoner, filed this lawsuit alleging that Defendants' failure to properly

---

[1] Plaintiff's memorandum is titled "Motion in Opposition of Report/Recommendation Order." Since Plaintiff is clearly objecting to the Report and Recommendation, the submission is construed as Plaintiff's Objections.

evaluate him as candidate for a liver transplant gives rise to an Eighth Amendment claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and a negligence claim under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2671-80, R&R at 1. The facts underlying this dispute are comprehensively set forth in Judge Graham's R&R and are incorporated by reference.

### III. DISCUSSION

**A. Standard of Review**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

Judge Graham relied on extraneous materials outside the pleading and, therefore, properly considered the motion as one for summary judgment.. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687-88 (8th Cir. 2003) (stating that a court's reliance on matters outside the pleadings converts a motion to dismiss into one for summary judgment). Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d

2

465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B. Plaintiff's Objections**

Judge Graham's R&R recommends dismissing Plaintiff's FTCA claim for failure to show that the allegedly negligent care injured him and for failure to comply with the procedural requirements for tort claims filed against a health care provider under Minnesota law. R&R at 7-8; see Minn. Stat. § 145.682. In Plaintiff's objections, he requests, for the first time, an extension of time to comply with the statutory requirements. Objections at 7.

Plaintiff avers in his complaint that his injuries were caused by the Defendants' negligence. Plaintiff's negligence claims under the FTCA are analyzed under the laws of Minnesota, as the events in question undisputedly occurred in Minnesota. See 28 U.S.C. §§ 1346(b)(1), 2674; LaFond v. United States, 781 F.2d 153, 154 (8th Cir. 1986). In Minnesota, negligence has four elements: (1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of duty was the proximate cause of the injury. Lubbers v. Anderson, 539 N.W. 2d 398, 401 (Minn. 1995). Shortly after Plaintiff arrived at the Federal Medical Center in Rochester, Dr. Patrick Kamath, a gastroenterologist at the Mayo Clinic, diagnosed Plaintiff's liver condition and determined that he was not a suitable candidate for antiviral treatment or a liver transplant at the Mayo Clinic. Dr. Kamath recommended a course of treatment for Plaintiff, and the evidence adduced demonstrates that Plaintiff's treatment plan has been followed by his medical providers. Despite Plaintiff's bare assertions that his condition has deteriorated, the medical evidence shows that his condition has been stable for many years. Tran

3

Decl. [Docket No. 14] ¶ 6; Sullivan Decl. [Docket No. 19] ¶ 6; Mem. in Supp. of Mot. to Dismiss and for Summary Judgment [Docket No. 13] Ex. 2. There is no contrary medical evidence of record and, therefore, Plaintiff is unable to make a prima facie showing of negligence.

In addition, a prerequisite to maintaining a tort claim against a health care provider in Minnesota requires compliance by a plaintiff with the requirements of Minn. Stat. § 145.682. Bellecourt v. United States, 784 F. Supp. 623 (D. Minn. 1992), aff'd, 994 F.2d 427 (8th Cir. 1993). Plaintiff is required to serve an affidavit upon Defendants within 180 days of commencing an action certifying that the case has been reviewed by an expert who found that "defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff." Minn. Stat. § 145.682, subd. 2, 3. Failure to do so results in the dismissal of the cause of action. Minn. Stat. § 145.682, subd. 3. No such expert affidavit has been proferred by Plaintiff within the proscribed time period, notwithstanding many months of forewarning that such an affidavit was essential to the legal vitality of his claim and despite being twice granted extensions in which to file his response. See, Mem. in Supp. of Mot. to Dismiss and for Summary Judgment at 10-11; February 13, 2009 Order [Docket No. 25]; May 13, 2009 Order [Docket No. 30]. Minnesota courts have "stressed that plaintiffs must adhere to strict compliance with the requirements of Minn. Stat. § 145.682." Broehm v. Mayo Clinic Rochester, 690 N.W. 2d. 721, 726 (Minn. 2005). Plaintiff has provided no reason for his failure to adhere to the statutory requirements. Accordingly, Plaintiff's request for yet another extension is denied.

Plaintiff's Bivens claim alleging an Eighth Amendment violation does not require an expert affidavit. A viable complaint for a Bivens claim must allege facts demonstrating that

4

Defendants were deliberately indifferent to a serious medical condition. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff's arguments in his Objections regarding the viability of his Bivens claim repeat the same arguments that were thoroughly addressed by Judge Graham. R&R at 8-11. After conducting a de novo review of the files, records, and proceedings in view of those arguments, the Court agrees with Judge Graham's conclusion that Plaintiff has not demonstrated the existence of an objectively severe medical need or deliberate disregard by Defendants sufficient to give rise to a constitutional violation.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Graham's R&R [Docket No. 44] is **ADOPTED**;

2. Plaintiff's Objections [Docket No. 52] are **OVERRULED**;

3. Defendants' Motion to Dismiss and for Summary Judgment [ Docket No. 12] is **GRANTED**;

4. Plaintiff's claims against Defendants Warden Marty C. Anderson, Dr. T. Tran, and Dr. S. Stanton are **DISMISSED WITH PREJUDICE**;[2]

5. Plaintiff's claims against Defendants Jane Doe and John Doe are **DISMISSED WITHOUT PREJUDICE**;

---

[2] As Judge Graham explained, "unidentified defendants Jane Doe and John Doe", should be dismissed without prejudice. See Phelps v. U.S. Fed'l Gov't, 15 F.3d 735, 739 (1994).

6. Plaintiff's Motion to Reconsider Order on Motion to Alter Judgment [Docket No. 50] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 4, 2010.